UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-0624 JGB (KKx)** | Date | May 27, 2015 |
|---|---|---|---|

| Title | *Paul F. Jakuttis v. Allstate Indemnity Company* |
|---|---|

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Plaintiff's Motion to Remand (Doc. No. 10); and (2) VACATING the June 1, 2015, Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Motion to Remand.  (Doc. No. 10.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers timely filed in support of and in opposition to the Motion, the Court DENIES Plaintiff's Motion to Remand and VACATES the June 1, 2015, hearing.

## I.  BACKGROUND

On August 21, 2014, Plaintiff Paul F. Jakuttis ("Plaintiff" or "Jakuttis") filed a Complaint against Defendant Allstate Indemnity Company ("Defendant" or "Allstate") in California Superior Court for the County of Riverside.  ("Complaint," Doc. No. 1-3.)  The Complaint alleged a single claim for Defendant's breach of the duty of good faith and fair dealing.  (Id.)  Defendant answered the Complaint on October 10, 2014.  (Doc. No. 1-4.)

On April 1, 2015, Defendant removed the action on the basis of this Court's diversity jurisdiction, 28 U.S.C. § 1441.  ("Not. of Removal," Doc. No. 1.)  Plaintiff filed a Motion to Remand on April 30, 2015.  ("Motion," Doc. No. 10.)  Defendant opposed the Motion on May 11, 2015.  ("Opp'n," Doc. No. 13.)  Plaintiff filed a reply brief on May 21, 2015.[1]  ("Reply," Doc. No. 14.)

---

[1] Pursuant to the Central District Local Rules, Plaintiff was required to file his Reply by May 18, 2015, or fourteen days before the hearing date.  See L.R. 7-10.  The Court instructs the parties to familiarize themselves with the requirements of the Federal Rules of Civil Procedure, (continued . . . )

CIVIL MINUTES—GENERAL

## II.  LEGAL STANDARD

Federal courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and in which there is complete diversity; each plaintiff must be diverse from each defendant.  See 28 U.S.C. § 1332; Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if such fees are authorized by statute or contract.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  As this Court has previously explained, "attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal" and "[f]uture attorneys' fees are entirely speculative."  Davis v. Staples, Inc., No. 13-8937, 2014 WL 29117, at *3 (C.D. Cal. Jan. 3, 2014).  A timely notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014).  When facing a motion to remand, however, a removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  See id. at 553-54.

Protecting the jurisdiction of state courts requires removal jurisdiction to be strictly construed in favor of remand.  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (internal citations omitted).  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).[2]

### III. DISCUSSION

Plaintiff moves to remand this action on the basis that Defendant's removal was untimely.  (Mot. at 4-15.)  If successful, Plaintiff also seeks an award of fees and costs incurred as a result of this Motion.  (Mot. at. 16.)

---

( . . . continued)
the Local Rules, and this Court's Standing Order.  Although the Court has reviewed Plaintiff's Reply in this instance, the Court will not review untimely filings in the future.

[2] The U.S. Supreme Court recently explained that this presumption is inapplicable to cases removed pursuant to CAFA but did not extend that conclusion to "mine-run diversity cases," such as the case presently before this Court.  See Dart, 135 S. Ct. at 554.

---

## A.  Timeliness of Removal

Plaintiff asserts that Defendant's recent removal of this case was untimely and moves to remand on that basis.  (Mot. at 1.)  Specifically, Plaintiff argues that it was clear from the face of the Complaint that the amount in controversy exceeded the jurisdictional amount, and Defendant was therefore required to remove much earlier.  (Id. at 4-10.)  Defendant disagrees, maintaining that the Complaint did not trigger the statutory removal period.  (Opp'n at 4-8.)

The statutory rules for timely removal are set out in 28 U.S.C. § 1446.  That statute provides for two thirty-day periods in which removal is timely.  Id.  First, removal is timely within thirty days after the defendant is served with the complaint.  See 28 U.S.C. § 1446(b)(1).  Second, 28 U.S.C. § 1446(c) provides for a second thirty-day removal period upon receipt of a paper indicating the removability of the case:

> [I]f the case stated by the initial pleading is not removable, a notice
> of removal may be filed within 30 days after receipt by the
> defendant, through service or otherwise, of a copy of an amended
> pleading, motion, order or other paper from which it may first be
> ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(c).

In addition, the Ninth Circuit has held that a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."  Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).  Thus a defendant need not depend upon "receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  See 28 U.S.C. § 1446(b)(3).  Instead, a defendant may remove within a separate removal window after his investigation uncovers information sufficient to demonstrate removability.  See Roth, 720 F.3d at 1125.

Plaintiff presents two separate arguments supporting his conclusion that the case should have been removed earlier.  First, Plaintiff argues that the case was removable from the face of the original Complaint, and Defendant therefore should have removed the case within thirty days after it was served with the Complaint.  (Mot. at 4-10.)  Second, Plaintiff argues that Defendant could have earlier determined from information within its possession that the case was removable; thus Defendant's own investigation should have revealed the removability of the case.  (Mot. at 10-16.)

### 1.  Face of the Complaint

Plaintiff asserts that the face of the Complaint makes clear that the amount in controversy exceeds the jurisdictional amount of $75,000.  (Mot. at 4-10.)  The Court concludes to the contrary.  Although the Court agrees that a case may be obviously removable even though the Complaint does not specifically allege an amount in controversy, the Complaint in this case did not reveal that the jurisdictional amount was likely exceeded.  The Complaint alleges that an arbitrator awarded Plaintiff over $100,000 more than Defendant's best settlement offers, (Compl.

¶ 9), but such a statement does not make the amount in controversy clear.  Plaintiff sues for Defendant's alleged breach of its duty of good faith and fair dealing.  (Id. ¶ 11.)  The Complaint demands damages resulting from Defendant's breach, including attorneys' fees and costs from the underlying arbitration, emotional distress damages, and punitive damages.  (Id. ¶¶ 13-14.)  However, the Complaint sets forth neither the amount of attorneys' fees that had resulted from the underlying litigation nor the amount necessary to compensate Plaintiff for his emotional distress.  Although the date of the accident, the date of the arbitration award, and some other relevant dates are stated in the Complaint, (Compl. ¶¶ 8-9), those dates do not indicate how many hours Plaintiff's counsel spent working on the underlying arbitration; the Complaint also does not indicate the type of fee arrangement between Plaintiff and Plaintiff's counsel.

Accordingly, the amount in controversy was not sufficiently clear from the face of the Complaint.

### 2.   Defendant's Own Investigation

Plaintiff also argues that, even if the Complaint did not make clear the amount in controversy, Defendant possessed "extensive information . . . from the underlying matter" which would have made the amount in controversy easily apparent.  (Mot. at 10-16.)  Specifically, the underlying arbitration dragged on for several years, and the arbitrator eventually made his award just over four years after Plaintiff's accident.  Plaintiff argues that Defendant should have been aware that personal injury attorneys typically use a one-third contingency fee agreement, and thus the attorneys' fees in the underlying litigation would have been one-third of the $165,000 arbitration award, or $55,000.  (Mot. at 12.)  Plaintiff further asserts that Defendant could have looked to the Complaint's demands for emotional distress and punitive damages and then pointed to jury verdicts in other cases to support earlier removal of this case; alternatively, Defendant should have assumed that punitive damages could equal Plaintiff's actual damages without being excessive.  (Mot. at 13-15.)

As noted above, the Ninth Circuit has explained that a defendant may remove a case after discovering the basis for removability through its own investigation.  See Roth, 720 F.3d at 1125.  Thus a defendant need not wait for a plaintiff to turn over a paper that makes removability apparent, pursuant to 28 U.S.C. § 1446(c), to remove to federal court.  See id.  However, the Ninth Circuit has also explained that a defendant need not conduct such an investigation and determine that a case is removable:

> [A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability. Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.

Id.  Rather the Ninth Circuit has preferred a "clear rule" such that courts need not "inquire[] 'into the subjective knowledge of [a] defendant,' [and] declined to hold that materials outside the complaint start the thirty-day clock" on the second thirty-day removal period.  Kuxhausen v.

BMW Fin. Servs. NA, 707 F.3d 1136, 1141 (9th Cir. 2013) (second alteration in original) (citing Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005)).  To be certain, a defendant is required to "apply a reasonable amount of intelligence in ascertaining removability," such as "[m]ultiplying figures clearly stated in a complaint."  Id. at 1140 (internal quotations omitted).  Nonetheless, "defendants need not make extrapolations or engage in guesswork."  Id.  A defendant need not "supply information which [the plaintiff] ha[s] omitted" from the Complaint or from its discovery responses in the state action.  Id. at 1141.

Pursuant to that binding Ninth Circuit authority, a defendant is not required to investigate whether a case is removable, even if such an investigation could lead the defendant to information allowing removal.  Accordingly, contrary to Plaintiff's assertions, Defendant was not required to analyze all information within its possession to determine that the amount in controversy likely exceeded the jurisdictional amount.  "[W]e 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove.'"  Id. (quoting Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006)).  Instead, Defendant was permitted to remove after Plaintiff first turned over "a copy of an amended pleading, motion, order or other paper" that made removability apparent.  28 U.S.C. § 1446(c).  Here, that paper was Plaintiff's response to Defendant's interrogatory, requesting the amount of damages claimed in this lawsuit.  (Mot. at 3; Not. of Removal, Ex. D; Declaration of Suzanne Y. Badawi ¶¶ 7-12, Doc. No. 1-1.)

The crux of Plaintiff's argument for remand—that Defendant could have removed earlier based on information contained in its own records—is thus contradicted by Ninth Circuit case law.  As the Ninth Circuit has explained, "whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."  Id. at 1141 n.3.  Rather, just "because [a defendant] *could have* ventured beyond the pleadings to demonstrate removability *initially*," it does not follow that the defendant "was therefore *obligated* to do so."  Id.  Accordingly, Defendant need not have assumed that Plaintiff's counsel litigated pursuant to a one-third contingency fee agreement or guessed at the hours of work performed by Plaintiff's counsel in the underlying action.

In sum, Defendant's removal of this action was timely.  The Complaint did not sufficiently reveal the removability of this case.  Defendant was not required to embark on an investigation to determine the amount in controversy and was instead permitted to await a "paper" from Plaintiff, such as interrogatory responses, which makes removability apparent.  Accordingly, the Court DENIES Plaintiff's Motion to Remand.

## B.  Fees and Costs

Plaintiff argues that the Court should award fees and costs associated with this Motion, pursuant to 28 U.S.C. § 1447(c).  Because the Court denies Plaintiff's Motion, Plaintiff's request for fees and costs associated with his Motion is also DENIED.

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion and request for fees and costs.  The June 1, 2015, hearing is VACATED.

**IT IS SO ORDERED.**